DEALY *v.* NUTRENA MILLS, INC.

5-460                                   270 S. W. 2d 903

Opinion delivered June 28, 1954.

[Rehearing denied October 4, 1954.]

*Peter G. Estes* and *Jeff Duty,* for appellant.

*Jameson & Jameson,* for appellee.

PAUL WARD, J. This appeal involves the application of Ark. Stats. § 51-1101 which is to the effect that before any mortgagee shall proceed to foreclose on any mortgage on personal property he shall deliver to the mortgagor a verified statement of his account.

Appellants who were engaged in raising chickens for the market, on February 6, 1952, executed a chattel mortgage to Smelser and Eason, feed dealers at Fayetteville, covering 16,400 baby chicks, and on May 23, 1952, they executed another chattel mortgage to the same firm covering 13,200 baby chicks. The purpose of these mortgages was to cover the cost of the baby chicks and all advances for the feed necessary for growing and maturing the chicks. Soon after the chattel mortgages were executed they were assigned by Smelser and Eason to appellee company which thereafter furnished the chick feed under the terms of the mortgages, appellants signing promissory notes for the feed as it was furnished. It was provided in each mortgage that it covered: "All of the chicks, together with all increases thereof and additions thereto now owned by the mortgagors or hereafter acquired by mortgagors ... It is the intention of the mort-

gagors to mortgage all of the chicks now owned or hereafter acquired by them.''

On February 27, 1953, appellee filed suit in the Chancery Court alleging that appellants owed a total of $6,-055.20 on the notes secured by the two mortgages and that the same were past due; that plaintiff was entitled to a foreclosure; that prior to the filing of this suit appellants had disposed of property covered by the mortgages and had failed to pay according to the terms of the mortgage, and; that appellants had several thousand chicks they were feeding for the market and that they were the increase and addition to the original flocks covered by the mortgages.

On April 14, 1953, appellants filed an answer denying generally the allegations of the complaint, and also filed a cross-complaint asking $7,000 damages because the feed furnished was moldy and unfit for use.

On May 25, 1953, the day set for trial, appellants filed a motion to dismiss appellee's complaint, alleging a failure to comply with said section 51-1101. The court refused appellants' motion to dismiss and they prosecute this appeal with this statement as to the issue involved: ''The court overruled and denied the motion and this appeal is on this point of the case.''

In our opinion the trial court was correct in overruling appellants' motion to dismiss and we agree with the reasons given by the trial court for its action.

Before appellants' motion to dismiss was filed on May 25, 1953, the pleadings had posed the following issues of law and fact: One; Appellee alleged that it had a mortgage lien on certain chicks in possession of appellants by virtue of said chicks being an addition to the original chicks which had therefore been mortgaged. This was denied by appellants. Two; In its complaint appellee alleged that appellants had disposed of some of the chicks on which they had the mortgage, and this was also denied by appellants.

Referring back to Ark. Stats. § 51-1101 it is noted that the mortgagee is not required to deliver to the mortgagor a verified statement if the mortgagor has disposed of any of the mortgaged property. So we agree with the view taken by the trial court that it was necessary to settle the issues noted above before passing on appellants' motion to dismiss under the provisions of said section 51-1101. After hearing testimony the trial court decided, in regard to issue "One" above, that appellee had no lien or mortgage on the chicks in possession of appellants, and, having decided this issue, the trial court proceeded to determine the amount appellants owed appellee and rendered judgment therefor in the amount of $5,776.82. As to issue "Two", it was not necessary for the trial court to make any finding in view of the disposition made of the first issue. Thus the foreclosure question passed out completely.

In view of the trial court's disposition of the issues as set forth above it was not error for it to deny appellants' motion to dismiss. We find no contention on the part of appellants that the amount of the judgment is incorrect and therefore the decree should be affirmed.

Appellee makes the point that said section 51-1101 was repealed by Act 209 of 1953 although said Act 209 had not been passed when this suit was begun but became effective before the case was tried. Its contention being that said section 51-1101 is remedial legislation and therefore would not apply to any case tried after the passage and effective date of said Act 209. We do not pass on this issue raised by appellee because the conclusion we have reached above makes it unnecessary.

Affirmed.